Deaderick, J.,
delivered tbe opinion of tbe court:
Tbe complainant, Joel Bradberry, administrator, and one of tbe beirs at law of John Bradberry, deceased, and Jobn M. Bradberry, another beir at law of said deceased, and Martha, bis widow, filed their petition in the chancery court of Madison county against tbe other heirs at law of said deceased, praying for a division of bis real estate, and allotment of dower to bis widow.
While the cause was pending, complainant, John M., *470 died, and scire facias was directed to issue, and to be made known to the heirs at law of said John M., to the end that they might be made parties to the proceedings. This was done accordingly, and upon the return of the process executed, it appeared that all the parties to it were minors, and the court directed that a guardian ad litem be appointed for them, and be required to put in his answer for them as defendants in the case, which was done.
In the petition it was alleged that the tract of land was not susceptible of partition, and it was therein 'asked that it might be sold and the proceeds divided.
Without- any evidence to sustain the allegation that partition could not be made, or that it would be for the advantage of the parties in interest that it would be sold instead of partitioned, the. court decreed a sale, and the administrator became the purchaser. Nor does it appear whether the price given is a fair price, and the sale was confirmed and the title vested in the purchaser.
Some of the defendants, who were nonresidents at the time of the filing of the petition, and some who were and still are minors, have brought the case here for revision.
We do not see that there can be any objection to the order of the court making the minor heirs at law of deceased complainant defendants, as it has been several times held in this state that in such a proceeding it is at least irregular and objectionable, if not erroneous, to make minors complainants, and that they should be made defendants upon the idea that the attitude of defendants in a suit in equity is in various respects more advantageous and safe for infants, tiran that of plaintiffs or complainants [Davidson v. Bowden], 5 Sneed, 133. But in the same case construing the act of 1827, ch. 34, it was held that a sale of land for partition could not be made without “satisfactory proof that partition could not be made, or that it would be manifestly to the advantage of the heirs that the same should *471 be sold.” It was accordingly beld that without, such proof “the sale was simply void.”
While the statute cited brought into the Code, sec. 3298 contained the language “satisfactory proof,” which is not found in the section of the Code cited, it is clearly implied that there must be evidence that the land cannot be partitioned, or that “it would be manifestly for the advantage of the parties that the same should be sold instead of partitioned,” for the right to sell for division instead of partitioning is made to depend upon one or the other of these facts. And this can only be ascertained by taking evidence as to whether such facts do or do jnot ecxist. We are of opinion, therefore, that it was error to order a sale of the land for division without first directing an enquiry as to the necessity of the sale, and without satisfactory evidence of facts upon which to base a conclusion of the necessity and propriety of the sale.
The decrees and orders of the county court directing the sale of the land, and confirming said sale, and divesting and vesting title thereto, will be reversed, and the sale will be set- aside, and the purchase money paid by the purchaser will be refunded to him, and his notes for the residue of the purchase money will be canceled and surrendered to him.
The setting apart of dower to the widow is not complained of, and that part of the decree will be affirmed, and the costs incident thereto will be paid by complainant out of the assets of the estate, and the costs of this court and the costs of the court below will be paid by complainant.